UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL J. HILL,

                        Plaintiff,

    v.                                             9:19-CV-0826
                                                      (GLS/TWD)

G. JONES et al.,

                        Defendants.
_____

APPEARANCES:

MICHAEL J. HILL
18-B-2416
Plaintiff, pro se
Southport Correctional Facility
P.O. Box 2000
Pine City, NY 14871

GARY L. SHARPE
Senior United States District Judge

**DECISION AND ORDER**

I.     **INTRODUCTION**

      Plaintiff Michael J. Hill commenced this pro se civil rights action pursuant to 42 U.S.C. § 1983 ("Section 1983") asserting claims related to his confinement in the custody of the New York State Department of Corrections and Community Supervision (DOCCS) at Cayuga Correctional Facility ("Cayuga C.F.") and Auburn Correctional Facility ("Auburn C.F."). Dkt. No. 1 ("Compl."). Plaintiff, who was confined at Auburn C.F. when he filed the action, did not pay the filing fee and requested leave to proceed in forma pauperis. Dkt. No. 2 ("IFP Application").

II.     **PROCEDURAL HISTORY**

In a Decision and Order filed on August 12, 2019 (the "August Order"), this Court found that the "three strikes" provision of Section 1915(g) barred Plaintiff from proceeding in forma pauperis and reviewed the Complaint to determine whether the allegations related to Plaintiff's confinement at Auburn C.F. were sufficient to invoke the "imminent danger" exception to the "three strikes" rule. Dkt. No. 4. In the original Complaint, Plaintiff alleged that defendants Doctor D. Geer and Registered Nurse Lombard were deliberately indifferent to his medical needs because they denied his requests for pain medication, x-rays, and MRI films. Compl. at 10-11. Plaintiff also claimed that he was confined to the Special Housing Unit (SHU) at Auburn C.F. in "an extremely hot cell" for twenty-three hours each day, surrounded by "mental health patients" who yelled and screamed all night" and attempted suicide and, without the ability to communicate with his legal assistant. *Id*. at 19-20.

In the August Order, in the context of the "imminent danger" analysis, the Court held that Plaintiff was not faced with "imminent danger" of "serious physical injury" and that his claims against Geer and Lombard were "based upon a disagreement over the appropriate care or treatment, which is not actionable under 42 U.S.C. § 1983." Dkt. No. 4 at 9 (citation omitted). The Court also noted that although Plaintiff asserted facts related to his conditions of confinement in the Auburn C.F. SHU, the Complaint was devoid of any facts suggesting that any named defendant was personally involved in his conditions of confinement in the SHU. *Id.* at 9 ("Simply put, Plaintiff has not plead how the named defendants were personally involved in decisions related to Plaintiff's SHU confinement.").

In light of Plaintiff's pro se status, the Court afforded Plaintiff an opportunity to amend his Complaint to set forth factual allegations sufficient to plausibly suggest that he faced an "imminent danger of serious physical injury" from one or more of the named defendants

2

when he filed this action in July 2019. Dkt. No. 4 at 10.

On August 21, 2019, Plaintiff filed an Amended Complaint, (Dkt. No. 5. "Am. Compl."), and reiterated his claims related to his conditions of confinement in the Auburn C.F. SHU, but failed to correct the deficiencies addressed in the August Order. *See generally* Am. Compl. With respect to Geer and Lombard, Plaintiff alleged that he faced imminent danger as a result of their failure to provide medical treatment and asserted that defendants "documented in medical records and stated that [Plaintiff] had no injuries and suffered no pain that warranted an x-ray or MRI." *Id.* at 16-17. In a Decision and Order filed on September 11, 2019 (the "September Order"), the Court found that the Amended Complaint lacked any allegations which plausibly suggested that Plaintiff was at risk of suffering a serious physical injury when he commenced this action as a result of not receiving his desired medical treatment. Dkt. No. 6 at 7. Consequently, Plaintiff's IFP application was denied and he was advised that, if he wished to proceed with this action, he must, within thirty (30) days of the filing date of the September Order, pay the statutory filing fee of four hundred dollars in full. *Id*. at 7-8.

Plaintiff has not paid the filing fee and has filed a motion for reconsideration[1] of the September Order. Dkt. No. 7.

### III. DISCUSSION

Rule 7.1(g) of the Local Rules of Practice for this Court, provides, in pertinent part, as follows:

---

[1] Plaintiff's submission is entitled "Notice of Motion 60(b)." Dkt. No. 7. Rule 60(b) provides relief from a final judgment, order, or proceeding. *See* Fed. R. Civ. P. 59 and 60. Affording Plaintiff the special solicitude required, the Court will construe Plaintiff's submission as a motion for reconsideration of the September Order.

3

> Motion for Reconsideration. Unless Fed. R. Civ. P. 60 otherwise governs, a party may serve a motion for reconsideration or reargument no later than FOURTEEN DAYS after the entry of the challenged judgment, order, or decree.

A court may reconsider a previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence comes to light that was not previously available; or (3) it is necessary to remedy a clear error of law or prevent manifest injustice. *See Doe v. New York City Dep't of Soc. Servs*., 709 F.2d 782, 789 (2d Cir. 1983) *cert. denied*, 464 U.S. 864 (1983). The standard for granting a motion for reconsideration is strict and should not be granted where the party seeks to relitigate an issue already decided. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for consideration is not an opportunity for the litigant to take a "second bite at the apple." *Sequa Corp. v. GBJ Corp*., 156 F.3d 136, 144 (2d Cir. 1998). "When newly discovered evidence is the basis for reconsideration, the proponent must demonstrate that the newly discovered evidence was neither in his possession nor available upon the exercise of reasonable diligence at the time the interlocutory decision was rendered." *United States. v. Morrison*, No. 04–CR–699, 2007 WL 4326796, at *2 (E.D.N.Y. Dec. 7, 2007) (citing, among other case, *LaSalle Bank Nat'l Assoc. v. Capco Am. Securitization Corp.*, No. 02 CV 9916, 2006 WL 177169, at *2 (S.D.N.Y. Jan. 25, 2006) (internal quotations marks, citation, and emphasis deleted) ).

Plaintiff seeks reconsideration of the Court's finding that the "imminent danger" exception is not applicable to this action.[2] *See* Dkt. No. 7. Plaintiff claims that the Court "misconstrued the facts and law surrounding his conditions of confinement" and attributes the

---

[2] Plaintiff's motion does not challenge the Court's finding that Plaintiff acquired three strikes before filing his Complaint.

constitutional violations to defendant Deputy Superintendent of Administration T. Napoli who, while employed by DOCCS at Cayuga C.F., traveled to Auburn C.F. to conduct the Tier III disciplinary hearing "to unlawfully punish Plaintiff." *Id.* at 4-5. Plaintiff alleges that Napoli was personally involved in the conditions of his confinement at the Auburn C.F. SHU due to his supervisory position as Deputy Superintendent. *Id*. at 5. Plaintiff also asserts that the Court "misconstrued the facts and law surrounding Plaintiff's allegations of being denied x-rays and MRI treatment" by Napoli and defendants Geer and Lombard. *Id.*

Plaintiff's motion falls short of the standard required for reconsideration. Plaintiff has not demonstrated an intervening change in controlling law nor has he articulated any clear legal error. Moreover, the facts alleged in the motion were available to Plaintiff when his pleadings were submitted and therefore do not constitute new evidence which might warrant consideration. While Plaintiff disagrees with the prior order, Plaintiff has not made any showing that reconsideration of the order is warranted. *See, e.g.*, *Banco de Seguros Del Estado v. Mut. Marine Offices, Inc*., 230 F. Supp. 2d 427, 431 (S.D.N.Y. 2002) (denying motion for reconsideration where movant "reargue[d] the points it made during the initial briefing and . . . explain[ed] to the Court how its analysis is 'erroneous' "); *United States v. Delvi*, No. S1201 CR 74, 2004 WL 235211, at *2 (S.D.N.Y. Feb. 6, 2004) (denying motion for reconsideration where movant "point[ed] to no facts or law that the Court overlooked in reaching its conclusion, and instead simply reiterate[d] the facts and arguments that the Court already considered and rejected"). Therefore, Plaintiff's motion for reconsideration is denied.

Plaintiff is hereby afforded a **final** opportunity to pay the $400.00 filing fee in full if he

wishes to proceed with this action. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 317 (3d Cir. 2001) ("Section 1915(g) does not prevent a prisoner with 'three strikes' from filing a civil action; he or she is simply unable to enjoy the benefits of proceeding [in forma pauperis] and must pay the fees at the time of filing instead of under the installment plan."). Plaintiff is advised that his failure to pay the filing fee for this action in full within **thirty days** from the filing date of this Decision and Order will result in the dismissal of this action, without prejudice, without further Order of this Court.

**IV.    CONCLUSION**

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's motion for reconsideration (Dkt. No. 7) is **DENIED**; it is further

**ORDERED** that this action shall be **DISMISSED** unless, **within thirty (30) days** of the date of this Decision and Order, Plaintiff pays the Court's filing fee of four hundred dollars ($400.00) in full; and it is further

**ORDERED** that, upon Plaintiff's compliance with this Decision and Order, the Clerk of the Court shall return the file to this Court for review of the Complaint in accordance with 28 U.S.C. § 1915A; and it is further

**ORDERED** that, if Plaintiff fails to timely comply with this Decision and Order, the Clerk is directed to enter judgment dismissing this action, without prejudice, without further order of this Court; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

October 22, 2019
Albany, New York

Gary L. Sharpe
U.S. District Judge